*E-Filed 10/21/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDRES DIAZ, | No. C 09-2984 RS (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL AND MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| D. GUERRA, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California state prisoner proceeding *pro se*, filed the instant civil rights action under 42 U.S.C. § 1983, alleging that defendants, correctional officers at Salinas Valley State Prison ("SVSP"), violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. Defendants Vasquez, Martinez, and Nilsson move for dismissal on the grounds that plaintiff failed to exhaust his administrative remedies, and that all three defendants are protected from suit by the doctrine of qualified immunity. Additionally, defendant Guerra moves for summary judgment on the grounds that he similarly is protected from suit by the doctrine of qualified immunity, and that plaintiff cannot make out an Eighth Amendment violation. For the reasons stated herein, defendants' motion to dismiss and motion for summary judgment are GRANTED.

## BACKGROUND

The following facts are undisputed, unless noted otherwise. Plaintiff alleges that on

1  October 1, 2008, Daniel Guerra, a correctional officer at SVSP, intentionally permitted inmate Andrade, a "Fresno Bulldogs" gang member, to escape his cell and attack plaintiff, a Southern Hispanic inmate, who at the time was performing his porter work duties with two other Southern Hispanic inmates in an adjacent exercise yard. (Compl. at 3.) At the time, Guerra worked as the control booth operator, where his duties included partially opening cell doors to allow the inmates to retrieve supplies located outside the cell. (*Id*. at 15.) On that day, Guerra opened the door to inmate Andrade's cell, so that he could retrieve his supplies. (*Id*.) After opening the door, inmate Andrade ran out of the cell door, down a flight of stairs, through three open doors, and into the adjacent exercise yard where plaintiff was performing his duties as a porter. (*Id*. at 3.) Guerra alleges that Andrade forced his way out of the cell. (*Id*. at 15.) After Andrade left his cell, Guerra attempted to close the A-pod door, which would have blocked inmate Andrade's path, *id*. at 15, and also notified floor staff of the incident and activated the building alarm. (*Id*.) Plaintiff alleges that in the exercise yard, inmate Andrade attacked plaintiff, due to the gang rivalry between the Fresno Bulldogs and the Southern Hispanics. (*Id*. at 4.) Plaintiff further alleges that Guerra intentionally opened the door to inmate Andrade's cell, knowing that inmate Andrade would attack plaintiff while he performed his porter duties. (*Id*. at 4.)

Additionally, plaintiff alleges that correctional officers A. Vasquez and E. Martinez both decided to escort a female nurse, instead of leaving one officer to control the prison floor, thereby leaving plaintiff unprotected in the exercise yard. (*Id*. at 5.) Plaintiff also alleges that Lieutenant M. Nilsson falsified documents placing plaintiff in administrative segregation for "Promoting Gang Activity for the Southern Hispanic Disruptive Group." (*Id*. at 6.)

## DISCUSSION

### I.   MOTION TO DISMISS

Defendants Vasquez, Martinez and Nilsson move to dismiss the claims against them on the grounds that plaintiff failed to exhaust his administrative remedies before filing this action. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to

prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 217–18 (2007). In California, the regulation requires the prisoner "to lodge his administrative complaint on CDC form 602 and 'to describe the problem and action requested.'" *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code Regs. tit. 15 § 3084.2(a)). The inmate's grievance must be sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

In order to exhaust all available administrative remedies within the California Department of Corrections and Rehabilitation system, a prisoner must submit his complaint on CDC Form 602 and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee. Cal. Code Regs. tit. 15, § 3084.5; *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009).

In the instant matter, the record shows that plaintiff failed to exhaust his administrative remedies. In his 602, complaint number SVSP-08-04585, plaintiff requested a full investigation of Guerra and his alleged misconduct related to opening the door intentionally for inmate Andrade. (Compl. at 10.) This administrative appeal was denied in a Director's Level Appeal Decision dated May 08, 2009, thereby completing the administrative review process and sufficiently leaving exhaustion of available administrative remedies against Guerra unchallenged. (*Id*. at 46.) However, in that same 602, plaintiff failed to address specifically the claims he now brings against Vasquez, Martinez, and Nilsson.

Because plaintiff's administrative appeal deals exclusively with the conduct of defendant Guerra and allegations of Guerra's bias against Southern Hispanics, Compl. at 10–13, this particular grievance did not put prison officials on notice that either defendants Vasquez and Martinez had impermissibly failed to protect plaintiff, or that defendant Nilsson had falsified reports after the incident referred to in the appeal.  As a result, plaintiff's grievance could not have put prison officials on notice of the problems with these specific defendants, and plaintiff failed to exhaust his available administrative remedies against defendants Vasquez, Martinez, and Nilsson.  Accordingly, the motion to dismiss (Docket No. 20) is GRANTED.  All claims against Vasquez, Martinez and Nilsson are hereby DISMISSED without prejudice.  Plaintiff may refile these claims after he has exhausted his administrative remedies properly.  Because plaintiff has failed to exhaust his administrative remedies against defendants Vasquez, Martinez, and Nilsson, the Court need not reach the issue of qualified immunity for these three defendants.

## II.     MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges that Officer Guerra intentionally permitted inmate Andrade to escape his cell and attack plaintiff while he performed his porter duties. (Compl. at 4.) Defendant Guerra contends that he is protected by qualified immunity. (Mot. Summ. J. at 14.)

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  When considering a claim of qualified immunity, the court must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).  It is no longer mandatory to address initially the first prong, existence of a deprivation, and then address the second prong, whether such right was clearly established, the analysis order previously mandated by *Saucier v. Katz*, 533 U.S. 194 (2001).  The Court may still exercise its discretion, however, in deciding which prong to address first, in light of the

particular circumstances of each case, and the *Saucier* protocol may still be followed in the appropriate case. *Pearson*, 129 S. Ct. at 818. Often, the *Saucier* protocol is beneficial. *Id*. Because the facts in this case permit the Court to resolve the dispute on the constitutional question, the initial step in the *Saucier* protocol provides the appropriate approach.

In addressing that question, the Court must take as true all plaintiff's alleged facts and determine whether defendant Guerra's failure to protect plaintiff constituted an Eighth Amendment violation. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

In this case, petitioner alleges that Guerra intentionally opened the door to inmate Andrade's cell. However, petitioner does not make the further requisite factual allegation that defendant Guerra intentionally opened inmate Andrade's door any wider than the few inches necessary for Andrade to reach the supplies left in front of his cell door.

Additionally, the record does not support plaintiff's allegation that Guerra purposely opened inmate Andrade's cell door for the purpose of inmate Andrade escaping, especially considering that Guerra opened the cell door only so wide as to permit Andrade to retrieve his supplies, and that after inmate Andrade was released, Guerra took immediate steps to make the situation safe by attempting to close the A-pod door and block inmate Andrade's path, as well as call for help. Defendant asserts, and plaintiff does not dispute, that defendant took these immediate steps to correct the situation. Acting to prevent harm from occurring negates the existence of a threat sufficiently serious enough to warrant an Eighth Amendment violation.

Secondly, for a prison official to violate the Eighth Amendment, he or she must possess a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *Id*. Neither negligence nor gross negligence will constitute deliberate indifference. *Id*. at 835–36. Additionally, a heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff

must make nonconclusory allegations supporting an inference of unlawful intent. *Alfrey v. United States*, 276 F.3d 557, 567–68 (9th Cir. 2002) (applying standard to *Bivens* Eighth Amendment claim).

Plaintiff alleges that Guerra intended to harm petitioner when he opened inmate Andrade's cell door. (Compl. at 4.) Plaintiff contends that Guerra's intentional state of mind constitutes deliberate indifference. Aside from the general knowledge that inmate Andrade and plaintiff were in rival gangs, however, plaintiff does not allege any facts that would show Guerra acted intentionally to allow Andrade to attack plaintiff. Even if Guerra had suspected that two inmates in rival gangs would want to fight each other, the officer must have "more than a mere suspicion that an attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (quoting *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1146 (7th Cir. 1983). The circuitous route between inmate Andrade's cell and the location where the confrontation with Diaz occurred shows that the factual record does not support plaintiff's claim.

Because Guerra did not commit an Eighth Amendment violation, the Court need not analyze the second prong of the qualified immunity analysis. *Saucier*, 533 U.S. at 201. Accordingly, defendant Guerra's motion for summary judgment based on qualified immunity is GRANTED.

**CONCLUSION**

For the reasons set forth above, the motion to dismiss by defendants Vasquez, Martinez and Nilsson (Docket No. 20) is GRANTED. All claims against them are DISMISSED without prejudice. Additionally, defendant Guerra's motion for summary judgment (Docket No. 35) is GRANTED.

The Clerk shall enter judgment in favor of all defendants as to all claims and close the file. This order terminates Docket Nos. 20 & 35.

**IT IS SO ORDERED.**

DATED: October 20, 2010

RICHARD SEEBORG
United States District Judge

6